SHARON MOTOR LODGE, INC., ET AL. *v.*
ALLAN Y. TAI
(AC 23417)

Foti, West and Dupont, Js.

Argued December 8, 2003—officially released March 23, 2004

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes* and *Zbigniew S. Rozbicki*, for the appellants (plaintiffs).

*Michael W. Coffey*, for the appellee (defendant).

DUPONT, J. This is an appeal from the denial of the plaintiffs' motion for judgment in which the plaintiffs claimed that they were entitled to judgment due to mediation that allegedly resulted in a settlement of their underlying case in their favor for $365,000. After this appeal was filed, this court raised the question, on its own motion, of whether the appeal from the denial of the plaintiffs' motion should be dismissed for lack of a final judgment. Subsequently, we deferred action until oral argument on the issue of whether the matter should be dismissed because it was not a final judgment and ordered supplemental briefs on that issue. We conclude that the denial of the motion for judgment is not an appealable final judgment because it does not so conclude the rights of the parties such that no further action can affect them. We therefore dismiss the appeal.

The following facts and procedural history are relevant to our conclusion. The plaintiffs, Sharon Motor Lodge, Inc., and its two officers, Yoke Kiew Chow and her husband, Chia Peng Chiang, entered into a real estate transaction for the purchase of a motel and the accompanying property.[1] They hired the defendant, Allan Y. Tai, a member of the New York bar, to represent them in the transaction. On August 17, 1998, the motel allegedly sustained physical damage due to flooding. The plaintiffs filed a two count complaint against the defendant alleging "professional negligence" (legal malpractice) and fraud and misrepresentation, relating to the performance of his duties in representing the plaintiffs during the purchase of the motel. The plaintiffs alleged that the defendant had failed as their attorney to conduct a title search, including an inquiry into whether the property was located in a flood zone, had

[1] The individual plaintiffs do not assert any damages specific to themselves or independent of one another or of the corporation.

failed to recommend a professional inspection of the pool and septic system, and had failed to disclose that he was not a member of the Connecticut bar and that he was not knowledgeable in Connecticut real estate practice and procedure.

At the suggestion of the trial court, the parties signed an agreement to mediate the dispute. The mediator chosen was retired United States Magistrate F. Owen Eagan. The agreement to mediate stated that a representative from Chicago Insurance Company,[2] the defendant's malpractice insurance carrier, must attend with authority to settle. Two mediation sessions took place, on April 12 and May 23, 2001. The plaintiffs and their attorney attended both sessions. The defendant and his attorney of record attended the first mediation session; the defendant's attorney attended the second mediation session without the defendant. No claims representative of the insurer attended either session. According to the plaintiffs, the attorney for the defendant represented that he had authority to settle on behalf of the insurance carrier. That attorney's authority to represent the malpractice insurance carrier is disputed by the defendant on appeal.[3] During the second mediation session, at which the plaintiffs, their attorney and the defendant's attorney were present, a settlement was allegedly reached. According to the plaintiffs, the defendant was to pay $10,000 (his deductible) and the balance would come from the Chicago Insurance Company.

On July 12, 2001, the plaintiffs filed a motion for judgment in the amount of $365,000 on the basis of the

---

[2] Chicago Insurance Company is not a defendant or a party to this appeal.

[3] One of the claims of the defendant asserted on appeal is that his attorney at the mediation sessions was not authorized by Chicago Insurance Company, the defendant's malpractice insurance carrier, to settle the case in the amount claimed by the plaintiffs. The possible problem of dual, antagonistic representation of both the insurer and the insured as clients need not be resolved in this opinion. See M. Bragg, "Muddy Waters," A.B.A. J. 52 (January 2004).

alleged settlement, plus interest at the rate of 10 percent. On August 20, 2001, the plaintiffs filed a motion for a determination of whether an agreement had been reached, citing General Statutes § 52-235d (b) (2), (3) and (4).[4] Pursuant to the statute, they sought disclosure from the mediator of the results of the mediation. The motion for determination was granted by the court on December 3, 2001, by memorandum of decision, to the extent that the court allowed a set of interrogatories to be answered by the mediator. That set of interrogatories asked of the mediator whether the parties had reached a settlement and, if a settlement had been reached, the terms of the settlement. The interrogatories were answered by the mediator, indicating that the parties had reached a settlement, awarding the plaintiffs $365,000. An evidentiary hearing on the plaintiffs' motion for judgment was held on May 16, 2002, at which time the defendant argued that the mediator's understanding of the settlement must have been the result of some miscommunication to him from the plaintiffs. The defendant's attorney and a representative of the defendant's insurance carrier both denied that the parties had reached a settlement. On June 25, 2002, the plaintiffs filed a motion for an order, seeking to have the court order the testimony of the mediator. The court denied the motion on June 27, 2002, and denied the motion for judgment on July 25, 2002.

The court ruled, in denying the plaintiffs' motion for judgment, that on the basis of the evidence adduced at the May 16, 2002 hearing, there was disagreement over

[4] General Statutes § 52-235d (b) provides that no outside party may disclose communication received during the course of the mediation unless "(2) the disclosure is necessary to enforce a written agreement that came out of the mediation, (3) the disclosure is required by statute or regulation, or by any court, after notice to all parties to the mediation, or (4) the disclosure is required as a result of circumstances in which a court finds that the interest of justice outweighs the need for confidentiality, consistent with the principles of law."

the terms of the alleged settlement and, further, disagreement as to whether any settlement was ever reached at all. The court, therefore, would not enforce the terms of the alleged settlement. This interlocutory appeal followed, challenging the court's denial of the motion for judgment.[5]

The subject matter jurisdiction of this court and our Supreme Court is limited by statute to final judgments. General Statutes § 52-263;[6] see also, generally, W. Horton & K. Bartschi, Connecticut Practice Series: Connecticut Rules of Appellate Procedure (2004 Ed.) § 61-1; see also C. Tait & E. Prescott, Connecticut Appellate Practice and Procedure (3d Ed. 2000) § 3.1 et seq. Some interlocutory actions of the trial courts, however, are immediately appealable because they are authorized by statute. For example, the legislature has granted authorization for appeals from prejudgment remedies; General Statutes § 52-278*l*; and temporary injunctions in a labor dispute. See General Statutes § 31-118; see also W. Horton & K. Bartschi, supra, §§ 61-2 through 61-11. Other interlocutory rulings and orders of trial courts have been treated as final by the decisions of our appellate courts for purposes of asserting the right to immediate appellate review. In general, however,

---

[5] The plaintiffs claim on appeal that the court (1) used an improper standard to determine that the settlement terms could not be enforced and (2) improperly denied the motion for an order compelling the mediator to testify. We need not reach those issues because of our conclusion that the denial of the motion for judgment was not a final judgment.

[6] General Statutes § 52-263 provides: "Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

discovery orders or orders arising out of discovery orders are not immediately appealable.

The vast majority of interlocutory orders or rulings are not the proper subject of an appeal because they are not statutorily exempt from the final judgment rule and do not fit either of the prongs of the test set forth in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). *Curcio* is regarded as the landmark case in the refinement of final judgment jurisprudence. *Shay* v. *Rossi*, 253 Conn. 134, 165–67, 749 A.2d 1147 (2000), overruled in part on other grounds, *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003). Under the test established in *Curcio*, interlocutory orders are immediately appealable in two circumstances. If an order or ruling (1) terminates a separate and distinct proceeding or (2) so concludes the rights of the parties that further proceedings cannot affect them, an appellant is entitled to file an immediate appeal from the ruling or order. *State* v. *Curcio*, supra, 31. The plaintiffs claim that the second prong of *Curcio* entitles them to an immediate appeal.

In this case, the court denied the plaintiffs' motion for an order, filed pursuant to § 52-235d (b), to compel the testimony of the mediator, impliedly finding that "as a result of circumstances," it did not find "that the interest of justice outweighs the need for confidentiality" of the mediator's testimony. General Statutes § 52-235d (b) (4). Subsequently, the court denied the plaintiffs' motion for judgment. The issue, then, is whether the court's denial of the plaintiffs' motion for judgment, which was based on § 52-235d (b) (4), is an appealable final judgment, presently ripe for review. The issue is one of first impression. To resolve the issue, we are guided by *Curcio* and those cases that further explicate its thesis.

*Curcio* relied on principles asserted in *State* v. *Kemp*, 124 Conn. 639, 1 A.2d 761 (1938), authored by Chief Justice William M. Maltbie. *Kemp* held that the denial

of a motion to inspect grand jury minutes was not immediately appealable. *Kemp* discusses the principle behind the second prong of *Curcio* to conclude that if, after the order, a party is still in court, with the case still open, with the possibility that judgment may still be rendered for or against it, the order is not final. Id., 641–42.

*Curcio* itself determined that the denial of the defendant's motion to quash an order for a second grand jury was not immediately appealable. The court reasoned that the denial had no present impact on the defendant's right to be free from double jeopardy and, therefore, the defendant had no colorable claim to a right of legal and practical value that would be destroyed if not vindicated before a future trial might be held. The colorable claim to the right was based on constitutional grounds. To succeed under the second prong of *Curcio*, the plaintiffs must "make at least a colorable claim that some recognized statutory or constitutional right is at risk." *State* v. *Curcio*, supra, 191 Conn. 34.

*Curcio* attempted to clarify the murky, amorphous area that lies between those appeals that are final judgments for purposes of interlocutory appellate review and those that are not by providing a rule to test the difference. Since *Curcio*, a number of cases have tested which side of the " 'gray area' " the claimed right to interlocutory appellate review falls. See, e.g., *Goodson* v. *State*, 228 Conn. 106, 113, 635 A.2d 285 (1993), on appeal after remand, 232 Conn. 175, 653 A.2d 177 (1995).

Shortly after *Curcio*, our Supreme Court established that in "both civil and criminal cases," otherwise interlocutory orders may be final judgments for appeal purposes. *State* v. *Southard*, 191 Conn. 506, 509, 469 A.2d 920 (1983). It also established that the final judgment rule does not turn on the gravity of the claims that are denied appellate review. Id., 512. The court again

reiterated, in *State* v. *Parker*, 194 Conn. 650, 652 n.4, 485 A.2d 139 (1984), that the final judgment rule does not depend on the particular factual circumstances. More importantly, *Parker* also picked up a theme of the earlier case of *State* v. *Longo*, 192 Conn. 85, 91–92, 469 A.2d 1220 (1984), namely, that the claimed right to review cannot depend on a discretionary judicial order and cannot depend on a right not presently held. *Longo* held that an appeal from a denial of youthful offender status pursuant to a statute was not ripe for appellate review because the denial did not threaten a right presently held by the defendant or threaten a right that was not discretionary. Id., 91.

*Parker* held that a denial of a defendant's motion for the dismissal of charges for which accelerated rehabilitation had been granted pursuant to statute was also not an appealable final judgment. The denial was not final because the statute provided for a pretrial discretionary program that postponed a disposition of a case rather than terminated it. *State* v. *Parker*, supra, 194 Conn. 658. The court reasoned that the accelerated rehabilitation statute protected the right of the defendant not to be punished, not the right to be protected against a trial. See also *State* v. *Crawford*, 257 Conn. 769, 775–80, 778 A.2d 947 (2001), cert. denied, 534 U.S. 1138, 122 S. Ct. 1086, 151 L. Ed. 2d 985 (2002).

"Appealability depends on the nature of the ultimate right sought to be vindicated and the effect of the trial court's decision on the vindication of this right." *State* v. *Parker*, supra, 194 Conn. 657. The Supreme Court also made it clear that any arguments about the quality of the hearing that led to the denial of the defendant's motion could not be used to provide an open door for appellate review of an otherwise nonappealable interlocutory order. Id. The case analogizes the denial of the defendant's motion for accelerated rehabilitation

to the denial of a stay of proceedings in a civil case. Id., 655 n.6.

The denial of a motion for a stay of a decision pending the resolution of an administrative appeal from that decision is not a final judgment. *Waterbury Teachers Assn.* v. *Freedom of Information Commission,* 230 Conn. 441, 449, 645 A.2d 978 (1994). The party seeking review of such a denial must show that the trial court's decision threatens a right that the party holds at the time the decision is made. Id., 448. *Waterbury Teachers Assn.* is important because it instructs that the action of the court must threaten a right the appellant then holds and cannot involve the discretion of the court. The right must exist independently of the order from which the appeal is taken. The case cites *Melia* v. *Hartford Fire Ins. Co.,* 202 Conn. 252, 520 A.2d 605 (1987), approvingly and quotes from it to note that ultimate vindication of the appellant when a final judgment is eventually determined in the appellant's favor will not regain what has been lost by the failure to obtain immediate appellate review. *Waterbury Teachers Assn.* v. *Freedom of Information Commission,* supra, 230 Conn. 449–50. That downside, the court reasoned, is outweighed by the need to avoid piecemeal litigation during the course of the litigation.

In *Ruggiero* v. *Fuessenich,* 237 Conn. 339, 676 A.2d 1367 (1996), a wrongful death action for damages, a denial of the plaintiffs' petition for the disclosure and release of records in a related criminal prosecution that had ended in an acquittal of the defendant, was based on statutory grounds. The denial was held not to be immediately appealable. The rationale for exclusion from the second prong of *Curcio* was that the denial did not interfere with the death action, but only limited the plaintiffs' ability to present relevant and probative evidence. That denial did not cause an irretrievable loss of a right and irreparable harm. Any harm or loss could

be rectified by an appeal, if necessary, after final judgment on the merits of the wrongful death action. Id., 347.

There is a narrow category of cases allowing an immediate interlocutory appeal under the second prong of *Curcio*. The cases involve monetary loss that cannot be recouped upon subsequent appeal; *Litvaitis* v. *Litvaitis*, 162 Conn. 540, 295 A.2d 519 (1972); *Hiss* v. *Hiss*, 135 Conn. 333, 64 A.2d 173 (1949); or involve custody of a child "during the course of dissolution proceedings [that] cannot otherwise be vindicated at any time, in any forum"; *Madigan* v. *Madigan*, 224 Conn. 749, 754–55, 620 A.2d 1276 (1993); or involve reinstatement in an employment dispute involving wages that cannot be recovered even if the defendant eventually wins; or involve a claim of sovereign immunity that grants immunity not only from liability but from suit itself. *Shay* v. *Rossi*, supra, 253 Conn. 134; see also *Goodson* v. *State*, supra, 228 Conn. 106.

In the present case, the nonbinding mediation process protected the plaintiffs and the defendant from having to try the case while settlement was attempted, but mediation was not protection against ever having to go to trial at all in the event mediation failed. The present case is unlike the cases involving collateral estoppel; see *Lafayette* v. *General Dynamics Corp.*, 255 Conn. 762, 770 A.2d 1 (2001); or cases involving double jeopardy; *State* v. *Tate*, 256 Conn. 262, 773 A.2d 308 (2001); which establish the right not to go to trial at all. The principle of collateral estoppel in civil cases and double jeopardy in criminal cases is analogous because it invokes the right not to go to trial on the merits ever. *Young* v. *Metropolitan Property & Casualty Ins. Co.*, 60 Conn. App. 107, 112, 758 A.2d 452, cert. denied, 255 Conn. 906, 762 A.2d 912 (2000). The plaintiffs in this case, on the basis of *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, 225 Conn. 804, 812, 626 A.2d 729 (1993), claim entitle-

ment to avoid trial due to a claimed settlement during a mediation session.[7]

We recognize that although parties who have agreed to settlements may have a contractual right not to go to trial, that right is not of a constitutional or statutory nature. "When parties agree to settle a case, they are effectively contracting for the right to *avoid* a trial. The asserted right not to go to trial can appropriately be based on a contract between the parties." (Emphasis in original; internal quotation marks omitted.) Id. In *Audubon Parking Associates Ltd. Partnership*, the parties represented in open court that they had reached a settlement. Therefore, the court reasoned, the parties had the right to avoid further litigation. Id.

Our case is unlike *Audubon Parking Associates Ltd. Partnership* because the settlement here and its terms were not declared in open court. Here, the terms of the settlement, if any, were repudiated by the defendant in open court at a hearing held on the plaintiffs' motion for determination and were never established to the satisfaction of the court, which expressly found that no settlement had been reached at the second mediation session.

On the basis of our review of the relevant cases, we conclude that for an interlocutory ruling in either a criminal or a civil case to be immediately appealable under the second prong of *Curcio*, certain conditions must be present. There must be (1) a colorable claim, that is, one that is superficially well founded but that may ultimately be deemed invalid, (2) to a right that has both legal and practical value, (3) that is presently held by virtue of a statute or the state or federal constitu-

---

[7] The court in *Audubon Parking Associates Ltd. Partnership* did not address any potential final judgment problems. *Audubon Parking Associates Ltd. Partnership* simply established the judicial acknowledgement of the right to avoid litigation because of an agreed on settlement.

tion, (4) that is not dependent on the exercise of judicial discretion and (5) that would be irretrievably lost, causing irreparable harm to the appellants without immediate appellate review.

In this case, the denial of the motion for judgment was based on the denial of a disclosure order that sought to have the court allow the in-court testimony of the mediator. There is no reason to treat the denial of the motion for judgment differently for purposes of the finality of judgment from the discovery order of which it is a part. See *Green Rock Ridge, Inc.* v. *Kobernat,* 250 Conn. 488, 498, 736 A.2d 851 (1999).

The plaintiffs' right to immediate appellate review fails for the reason that it rests on a discretionary action of the trial court, as established by § 52-235d, and does not involve a right that is presently held. The plaintiffs seek to vindicate a claimed statutory right to obtain disclosure from a mediator because that disclosure would grant them the colorable right to enforce a settlement agreement. Under the terms of § 52-235d (b) (1), no disclosure is allowed unless the parties agree to disclosure; under § 52-235d (b) (2) the disclosure must be necessary to enforce a written agreement that came out of the mediation.[8] Section 52-235d (b) (3) allows disclosure if it is required by the court, which the court

---

[8] The plaintiffs claim that a letter from the defendant to his attorney confirms an agreement of the parties in writing. The letter was the subject of a motion for disclosure that was never acted on, and we do not consider whether its introduction would have breached attorney-client confidentiality or whether it would shed any light on whether the defendant's attorney represented both the insurance carrier and the defendant when mediation took place without any other representative of the carrier present. The plaintiffs also cite several letters from the plaintiffs' attorney attempting to finalize the claimed settlement, the plaintiffs' attorney testified about several calls to the defendant's attorney and the drafting of a corporate resolution to accept the settlement, all as evidence of a written agreement. In their motion for determination, the plaintiffs argued that if the settlement was not written, they relied on General Statutes § 52-235d (b) (3) and (4).

did not do, beyond the two interrogatories to the mediator. The court here had to decide, in its discretion, whether further disclosure by the mediator was required "as a result of circumstances" and whether the "interest of justice outweighs the need for confidentiality, consistent with the principles of law." General Statutes § 52-235d (b) (4). The court, at a hearing, was able to discern the circumstances of the alleged settlement and could assess the credibility of the testimony proffered. The court found that the testimony of the mediator should not be ordered.

We are aware that the ability to enforce a settlement established at mediation, if one was actually reached, may be lost temporarily because this interlocutory appeal is dismissed.[9] That consequence, however, does not allow an immediate review of an interlocutory ruling, which review would violate the final judgment jurisprudence as established by case law. See *Waterbury Teachers Assn.* v. *Freedom of Information Commission*, supra, 230 Conn. 449–50.

The plaintiffs did not have a colorable constitutional or statutory right, independent of the exercise of discretion of the trial court, that already was held at the time the motion for judgment was denied, which would be irretrievably lost and irreparably harmed without immediate appellate review.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[9] Any ruling made before the final disposition of the case can be reviewed once a final judgment has entered. *Blue Cross/Blue Shield* v. *Gurski*, 49 Conn. App. 731, 733–34, 715 A.2d 819, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998).