WELLS FARGO BANK OF MINNESOTA, N.A.,
TRUSTEE *v.* MICHELLE R. JONES ET AL.
(AC 24462)

Schaller, West and Dupont, Js.

Argued May 28—officially released September 21, 2004

*Martha E. Croog*, with whom was *Joseph J. Hurley*, for the appellant (plaintiff).

*Opinion*

DUPONT, J. This is an appeal by the plaintiff, Wells Fargo Bank of Minnesota, N.A., a Trustee, from an order by the trial court granting the application of the named defendant, Michelle R. Jones,[1] for protection from foreclosure filed pursuant to General Statutes §§ 49-31d through 49-31j (mortgage act). The plaintiff claims on appeal that (1) the mortgage act, as applied in this case,

---

[1] The defendant Willowbridge Condominium Association, Inc., did not file an answer in the trial court. We refer in this opinion to Jones as the defendant.

violates the constitution of the United States, article first, § 10 (contract clause), and (2) the court improperly granted the defendant's application for protection from foreclosure under the mortgage act. The defendant did not file any briefs in this appeal, nor did she appear at oral argument. Subsequent to the filing of this appeal, this court raised the question, on its own motion, of whether the appeal from the trial court's decision to grant the defendant's application for protection from foreclosure should be dismissed for lack of a final judgment. Deferring action until oral argument on the issue of whether the matter should be dismissed for lack of a final judgment, this court ordered supplemental briefs on that issue.[2] We conclude that an order granting an application for protection from foreclosure is not an appealable final judgment, and we therefore dismiss the plaintiff's appeal.

The following facts and procedural history are relevant to our conclusion. On September 24, 2001, the defendant executed a promissory note in the amount of $118,000 in favor of Option One Mortgage Corporation, secured by a mortgage on property in Bridgeport that the defendant owned since 1993. Option One Mortgage Corporation subsequently assigned the mortgage to the plaintiff. In January, 2003, the plaintiff commenced an action for strict foreclosure after the defendant defaulted on the note.

On March 11, 2003, the defendant filed a pro se application for protection from foreclosure pursuant to General Statutes § 49-31f, claiming to be an "underemployed person" as defined in § 49-31d (6).[3] Objecting to the

[2] The defendant was ordered by this court to file a brief in chief within thirty days of the filing of the plaintiff's supplemental brief and instructed that if she failed to do so, she would not be allowed to present oral argument and that the appeal would be decided on the basis of the plaintiff's brief and the record only.

[3] General Statutes § 49-31d (6) provides: " 'Underemployed person' means a person whose earned income during the twelve-month period immediately preceding the commencement of the foreclosure action is (A) less than fifty

defendant's application for protection from foreclosure, the plaintiff argued, inter alia, that the defendant failed to demonstrate the likelihood that she would be able to make timely payments on a restructured mortgage commencing at the end of the restructuring period, as provided in § 49-31f (d) (1).

On July 1, 2003, at a hearing on the defendant's application for protection from foreclosure, the court found that (1) the defendant was underemployed and a homeowner as set forth in § 49-31d (2) and (6), (2) the mortgage sought to be foreclosed encumbered the defendant's residential real property, which had served as her principal residence for a period of not less than two years as required under § 49-31f (a) (1), (3) the defendant neither received an emergency mortgage assistance loan nor applied for an emergency mortgage assistance loan during the preceding two years, (4) the defendant had not had a foreclosure action instituted against her within the preceding seven years, (5) the defendant did not file a defense to the foreclosure complaint, and (6) the amount of any restructured debt would not exceed 90 percent of the property's estimated fair market value, as required under General Statutes § 49-31i (b). On the basis of those findings, the court granted the defendant's application for protection from foreclosure under the mortgage act.

Calculating the defendant's restructured mortgage debt at $134,771.32, with new monthly payments of $1536.80, including a tax escrow amount, the court ordered the restructuring period to commence on July 1, 2003, ending on July 31, 2003. The court continued the case to December 1, 2003, for monitoring. The court noted that in the absence of any issues during that six

thousand dollars and (B) less than seventy-five per cent of his average annual earned income during the two years immediately preceding such twelve-month period."

month period, namely, default by the defendant on the restructured payments or for any other reason requiring a need to open the matter, it would then enter an order of dismissal without prejudice pursuant to the terms of the court's order on the application for restructuring. Notably, the court added that for purposes of appeal, it considered its decision on the defendant's application for protection from foreclosure a final judgment.[4]

On July 31, 2003, the plaintiff filed the present appeal.[5] Subsequently, this court placed this appeal on its own motion calendar for dismissal on the ground that granting an application for protection from foreclosure under the mortgage act is not an appealable final judgment.

We turn now to the issue of whether the order by the trial court granting the defendant's application for

---

[4] The belief of the court that the granting of the application for protection from foreclosure was a final judgment, a conclusion of law, is not binding on this court. See *Ebenstein & Ebenstein, P.C.*, v. *Smith Thibault Corp.*, 20 Conn. App. 23, 25, 563 A.2d 1044 (1989). "When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Olson v. Accessory Controls & Equipment Corp.*, 254 Conn. 145, 156, 757 A.2d 14 (2000).

[5] Practice Book § 63-1 (a) provides in relevant part: "Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given."

The plaintiff's appeal was not filed until after the twenty day limit. That twenty day time limitation, however, is not a "constitutionally or legislatively created condition precedent to the jurisdiction of [the appellate] court." (Internal quotation marks omitted.) *Ambroise v. William Raveis Real Estate, Inc.*, 226 Conn. 757, 763, 628 A.2d 1303 (1993). Furthermore, Practice Book § 60-2 explicitly provides that "the court having appellate jurisdiction from the time the appeal is filed, or earlier . . . may, on its own motion . . . (6) order that a party for good cause shown may file a late appeal . . . ."

We eschew "mechanistic interpretation[s] of our appellate rules in recognition of the fact that an unyielding policy requiring strict adherence to an appellate limitation period—no matter how severe or unfair the consequences—does not serve the interests of justice." *Banks v. Thomas*, 241 Conn. 569, 586, 698 A.2d 268 (1997). Practice Book § 60-2 vested the Appellate Court with authority to permit the plaintiff to pursue a late appeal, and, consequently, the present appeal is properly before this court. See *Dowling v. Slotnik*, 244 Conn. 781, 789, 712 A.2d 396, cert. denied sub nom. *Slotnik v. Considine*, 525 U.S. 1017, 119 S. Ct. 542, 142 L. Ed. 2d 451 (1998).

protection from foreclosure under the mortgage act constitutes a final judgment. The plaintiff, in its supplemental brief, argues that the court's order so concludes the rights of the parties that further proceedings cannot affect them. We disagree.

"The subject matter jurisdiction of this court and our Supreme Court is limited by statute to final judgments. General Statutes § 52-263; see also, generally, W. Horton & K. Bartschi, Connecticut Practice Series: Connecticut Rules of Appellate Procedure (2004 Ed.) § 61-1; see also C. Tait & E. Prescott, Connecticut Appellate Practice and Procedure (3d Ed. 2000) § 3.1 et seq. Some interlocutory actions of the trial courts, however, are immediately appealable because they are authorized by statute. For example, the legislature has granted authorization for appeals from prejudgment remedies; General Statutes § 52-278*l*; and temporary injunctions in a labor dispute. See General Statutes § 31-118; see also W. Horton & K. Bartschi, supra, §§ 61-2 through 61-11. Other interlocutory rulings and orders of trial courts have been treated as final by the decisions of our appellate courts for purposes of asserting the right to immediate appellate review. . . .

"The vast majority of interlocutory orders or rulings are not the proper subject of an appeal because they are not statutorily exempt from the final judgment rule and do not fit either of the prongs of the test set forth in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). *Curcio* is regarded as the landmark case in the refinement of final judgment jurisprudence. *Shay* v. *Rossi*, 253 Conn. 134, 165–67, 749 A.2d 1147 (2000), overruled in part on other grounds, *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003). Under the test established in *Curcio*, interlocutory orders are immediately appealable in two circumstances. If an order or ruling (1) terminates a separate and distinct proceeding or (2) so concludes the rights of the parties that further proceed-

ings cannot affect them, an appellant is entitled to file an immediate appeal from the ruling or order. *State* v. *Curcio*, supra, 31." *Sharon Motor Lodge, Inc.* v. *Tai*, 82 Conn. App. 148, 152–53, 842 A.2d 1140, cert. denied, 269 Conn. 908, 852 A.2d 738 (2004).

The plaintiff concedes that it fails the first prong of the *Curcio* test. Relying instead on the second prong of *Curcio*, the plaintiff argues that the court's order granting the defendant's application for protection from foreclosure so concludes the rights of the parties that further proceedings cannot affect them.

"The second prong of the *Curcio* test focuses on the nature of the right involved. It *requires* the parties seeking to appeal to *establish* that the trial court's order threatens the preservation of a right already secured to them *and* that that right will be irretrievably lost *and* the [parties] irreparably harmed unless they may immediately appeal." (Emphasis added; internal quotation marks omitted.) *Rivera* v. *Veterans Memorial Medical Center*, 262 Conn. 730, 734, 818 A.2d 731 (2003). This court recently held that "for an interlocutory ruling in either a criminal or a civil case to be immediately appealable under the second prong of *Curcio*, certain conditions must be present. There must be (1) a colorable claim, that is, one that is superficially well founded but that may ultimately be deemed invalid, (2) to a right that has both legal and practical value, (3) that is presently held by virtue of a statute or the state or federal constitution, (4) that is not dependent on the exercise of judicial discretion and (5) that would be irretrievably lost, causing irreparable harm to the appellants without immediate review." *Sharon Motor Lodge, Inc.* v. *Tai*, supra, 82 Conn. App. 158–59.

"There is a narrow category of cases allowing an immediate interlocutory appeal under the second prong of *Curcio*. The cases involve monetary loss that cannot be recouped upon subsequent appeal . . . or involve

custody of a child during the course of dissolution pro-
ceedings [that] cannot otherwise be vindicated at any
time, in any forum . . . or involve reinstatement in an
employment dispute involving wages that cannot be
recovered even if the defendant eventually wins . . .
or involve a claim of sovereign immunity that grants
immunity not only from liability but from suit itself."
(Citations omitted; internal quotation marks omitted.)
Id., 157.

With those principles in mind, we turn now to the
issue of whether the court's order granting the defen-
dant's application for protection from foreclosure under
the mortgage act is immediately appealable under the
second prong of *Curcio*. This court has held that a
*denial* of an application for protection from foreclosure
is not a final judgment because (1) it is not a separate
and distinct proceeding, and (2) its propriety can be
raised on appeal. *Savings Bank Life Ins. Co.* v. *Linthi-
cum*, 43 Conn. App. 467, 470, 683 A.2d 737 (1996). There
is no appellate authority, however, addressing the issue
of whether *granting* a defendant's application for pro-
tection from foreclosure is a final judgment.

In this case, the plaintiff satisfies the first four condi-
tions required for immediate appeal under the second
prong of *Curcio*. See *Sharon Motor Lodge, Inc.* v. *Tai*,
supra, 82 Conn. App. 158–59. The claim that the court
improperly granted the defendant's application for pro-
tection from foreclosure is at least colorable under the
statute, and the plaintiff's right to commence an action
for foreclosure already was secured.[6] See *Rivera* v.
*Veterans Memorial Medical Center*, supra, 262 Conn.
734. In addition, the plaintiff's right to commence an

[6] Because we do not reach the plaintiff's first claim, namely, whether the
mortgage act violates the contract clause of the federal constitution, and
because addressing that issue is not necessary for purposes of determining
whether the court's order constitutes a final judgment, we do not consider
that claim.

action for foreclosure involves a claim that has legal and practical value and is not dependent on the exercise of judicial discretion. See *Sharon Motor Lodge, Inc.* v. *Tai,* supra, 82 Conn. App. 158–59.

We next consider the difficult issue of whether the right to foreclosure, as claimed by the plaintiff, will be irretrievably lost, thereby causing irreparable harm to the plaintiff without immediate appellate review. In *Savings Bank Life Ins. Co.* v. *Linthicum,* supra, 43 Conn. App. 470, we held that *denying* a defendant's application for protection from foreclosure did not constitute a final judgment because "the defendant's right to protection from foreclosure under § 49-31f may be vindicated on appeal from the judgment on the merits of the foreclosure action . . . ." Id. Our question is whether *granting* an application for protection from foreclosure is a final judgment.

The existence of the stay in this case, ordered pursuant to § 49-31f (f), presents a unique issue not present in *Savings Bank Life Ins. Co.* The court in the present case ordered the foreclosure action stayed during the restructuring period, from July 1 to July 31, 2003, during which no payments would be made to the plaintiff on the note.

If the defendant complies with the restructuring, then the foreclosure is dismissed pursuant to § 49-31f (f). Dismissal of the plaintiff's foreclosure action is a final judgment, and the plaintiff could then appeal from both the dismissal and the order granting the defendant's application for protection from foreclosure. This court could, at that point, address the merits of the plaintiff's claims regarding (1) the propriety of the trial court's order and (2) the constitutionality of the mortgage act. The plaintiff's right to proceed on its foreclosure action, free from interruption by an application for protection under the mortgage act that allegedly was granted

improperly, therefore, is not irretrievably lost, as required under *Curcio*.

If, on the other hand, the defendant defaults on the restructured payments within the statutorily prescribed period in § 49-31f (f), the plaintiff may proceed with its foreclosure action with the same consequences as if the application for protection from foreclosure had been denied. We discern no difference between the granting or denial of an application for protection from foreclosure under the mortgage act. In neither case has there been an irretrievable loss of any right to the plaintiff causing irreparable harm unless immediate appeal is granted.

The granting of the defendant's application for protection from foreclosure under § 49-31f does not satisfy the standard set in *Curcio*, and the order, therefore, is not a final judgment for the purpose of appeal. "The lack of a final judgment is a jurisdictional defect that mandates dismissal." *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 34, 694 A.2d 1246 (1997).

The appeal is dismissed.

In this opinion the other judges concurred.