******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THERESA D. S. HEYWARD ET AL. *v.* JUDICIAL
DEPARTMENT OF THE STATE
OF CONNECTICUT ET AL.
(AC 36582)

Keller, Prescott and Bishop, Js.

*Argued April 15—officially released September 15, 2015*

(Appeal from Superior Court, judicial district of
Hartford, Zemetis, J.)

*Eddi Z. Zyko*, for the appellants (plaintiffs).

*Ann E. Lynch*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellees (defendants).

*Opinion*

PRESCOTT, J. In this action arising out of alleged workplace discrimination, the plaintiffs, Theresa D. S. Heyward and Kevin Heyward,[1] appeal from the judgment of the trial court granting a motion to dismiss certain counts of the complaint against the defendants, the Judicial Department of the state of Connecticut (state) and Robert A. Axelrod, chief clerk for the judicial district of New Haven at Meriden, and transferring venue for the remainder of the action from the judicial district of Waterbury to the judicial district of Hartford. The dispositive issues on appeal are (1) whether the court's dismissal of only some of the counts brought against the state was an appealable final judgment, (2) whether the trial court properly dismissed all claims against Axelrod, and (3) whether the trial court's order transferring venue was an immediately appealable final judgment. For the reasons that follow, we conclude that (1) the judgment dismissing some, but not all, of the plaintiffs' counts against the state was not an appealable final judgment, (2) the plaintiffs have failed to adequately brief and therefore have abandoned their claim that the court improperly dismissed all claims against Axelrod,[2] and (3) the interlocutory order transferring venue with respect to the remainder of the action was not an appealable final judgment. Accordingly, we dismiss the appeal except as to that portion challenging the judgment of dismissal as it relates to the counts brought against Axelrod, and, as to that portion of the appeal, we affirm the judgment of the court.

We begin by setting forth the following undisputed facts and procedural history. Heyward, who is African-American, was employed as an administrative clerk in the clerk's office for the Superior Court in Meriden. At all relevant times, she was the only nonwhite employee working in the Meriden clerk's office.

On July 18, 2012, Heyward filed a complaint with the Commission on Human Rights and Opportunities (CHRO), alleging that she had been subjected to harassment, discrimination and denied time off for medical appointments due to her race and gender, and as retaliation for engaging in protected activities. In her CHRO complaint, Heyward named the state as the sole respondent. She alleged that her supervisor, Axelrod, had subjected her to a hostile work environment on the basis of her sex and race, and that, although she had complained to human resources, its investigation uncovered no discrimination by Axelrod against her. Heyward claimed that as a result of Axelrod's discrimination and the state's failure to respond, she suffered "stress and related harm."

On March 7, 2013, Heyward received a release of jurisdiction letter from the CHRO, authorizing her to bring an action in the Superior Court for the claims

alleged in her CHRO complaint. On August 8, 2013, the plaintiffs filed a six count amended complaint against the defendants. The first five counts were brought by Heyward against both defendants, and alleged, respectively, creation of a hostile work environment, race based discrimination, disability discrimination, negligent infliction of emotional distress, and defamation.[3] Count six alleged a cause of action for loss of consortium on behalf of Kevin Heyward against each defendant.

The defendants moved to dismiss the amended complaint on August 14, 2013, arguing that the court lacked subject matter jurisdiction to hear the case for a number of reasons. With respect to the state, the court granted the motion to dismiss the counts sounding in negligent infliction of emotional distress, defamation, and loss of consortium—counts four, five, and six, respectively—on the ground that they were barred by sovereign immunity. The court also dismissed counts four, five, and six against Axelrod on the basis of sovereign immunity, concluding that Axelrod had been sued in his official capacity only.[4] The court dismissed all the remaining counts against Axelrod as well as count three alleging disability discrimination against the state for failure to exhaust administrative remedies because Heyward never alleged discrimination on the basis of a disability in her CHRO complaint and also did not name Axelrod as a respondent. The court then transferred the remaining two counts against the state from the judicial district of Waterbury to the judicial district of Hartford. This appeal followed.

On April 15, 2015, during oral argument before this court, we raised sua sponte the issue of whether a final judgment had been rendered with respect to the dismissal of certain counts against the state and, thus, whether this court had subject matter jurisdiction over that portion of the plaintiffs' appeal. We ordered the parties to submit simultaneous supplemental briefs addressing that issue. Each side filed a supplemental brief on April 24, 2015.

I

"The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of this court. . . . If there is no final judgment, we cannot reach the merits of the appeal." (Citation omitted.) *Southport Manor Convalescent Center*, *Inc.* v. *Kundrath*, 41 Conn. App. 747, 748, 677 A.2d 977 (1996). Accordingly, we first address whether the court's decision granting the motion to dismiss, from which the plaintiffs appeal, constitutes a final judgment. We conclude that the court's decision constitutes a final judgment with respect to the dismissal of the action as to Axelrod, but not with respect to the state.

"The jurisdiction of the appellate courts is restricted

to appeals from judgments that are final. General Statutes §§ 51-197a and 52-263; Practice Book § [61-1] . . . . The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear." (Internal quotation marks omitted.) *Liberty Mutual Ins. Co.* v. *Lone Star Industries, Inc.*, 290 Conn. 767, 793–94, 967 A.2d 1 (2009).

"A judgment that disposes of only a part of a complaint is not a final judgment . . . unless the partial judgment disposes of all causes of action against a particular party or parties; see Practice Book § 61-3; or if the trial court makes a written determination regarding the significance of the issues resolved by the judgment and the chief justice or chief judge of the court having appellate jurisdiction concurs. See Practice Book § 61-4 (a)." (Internal quotation marks omitted.) *Tyler* v. *Tyler*, 151 Conn. App. 98, 103, 93 A.3d 1179 (2014).

"Alternatively, the courts may deem interlocutory orders or rulings to have the attributes of a final judgment if they fit within either of the two prongs of the test set forth in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). . . . Under *Curcio*, the landmark case in the refinement of final judgment jurisprudence . . . interlocutory orders are immediately appealable if the order or ruling (1) terminates a separate and distinct proceeding or (2) so concludes the rights of the parties that further proceedings cannot affect them." (Citations omitted; internal quotation marks omitted.) *Abreu* v. *Leone*, 291 Conn. 332, 338–39, 968 A.2d 385 (2009). "The first prong of the *Curcio* test . . . requires that the order being appealed from be severable from the central cause of action so that the main action can proceed independent of the ancillary proceeding. . . . If the interlocutory ruling is merely a step along the road to final judgment then it does not satisfy the first prong of *Curcio*." (Citations omitted; internal quotation marks omitted.) *Hartford Accident & Indemnity Co.* v. *Ace American Reinsurance Co.*, 279 Conn. 220, 225–26, 901 A.2d 1164 (2006). "The second prong of the *Curcio* test focuses on the nature of the right involved. It requires the parties seeking to appeal to establish that the trial court's order threatens the preservation of a right already secured to them and that that right will be irretrievably lost and the [parties] irreparably harmed unless they may immediately appeal. . . . Thus, a bald assertion that [the appellant] will be irreparably harmed if appellate review is delayed until final adjudication . . . is insufficient to make an otherwise interlocutory order a final judgment. One must make at least a colorable claim that some recognized statutory or constitutional right is at risk." (Internal quotation marks

omitted.) Id., 226.

In the present case, the ruling from which the plaintiffs appeal was a partial judgment, because it did not dispose of the entire complaint. With respect to Axelrod, the ruling constitutes a final judgment because it disposed of all the counts asserted against him. See Practice Book § 61-3.[5] In contrast, the court's ruling disposed of only four of the six counts asserted against the state. Claims one and two against the state were not dismissed. Accordingly, under our rules of practice, the plaintiffs could have appealed from the partial judgment rendered in favor of the state only if the trial court had made a written determination "that the issues resolved by the judgment [were] of such significance to the determination of the outcome of the case that the delay incident to appeal would be justified" and the chief judge subsequently had concurred. See Practice Book § 61-4 (a). The trial court did not make such a written determination in this case.

Further, neither prong of the test set forth in *State* v. *Curcio*, supra, 191 Conn. 31, is satisfied here. First, the court's ruling did not terminate a separate and distinct proceeding but was merely a "step along the road" to a final and complete resolution of the plaintiffs' action with respect to the state. Second, the plaintiffs have not advanced any argument that the court's decision jeopardizes a presently held statutory or constitutional right absent an immediate appeal. See *Sharon Motor Lodge, Inc.* v. *Tai*, 82 Conn. App. 148, 154, 842 A.2d 1140 ("[t]o succeed under the second prong of *Curcio*, the plaintiffs must make at least a colorable claim that some recognized statutory or constitutional right is at risk" [internal quotation marks omitted]), cert. denied, 269 Conn. 908, 852 A.2d 738 (2004). Accordingly, we dismiss for lack of subject matter jurisdiction that portion of the plaintiffs' appeal challenging the court's decision with respect to the state.

II

Having determined that the judgment of dismissal was a final judgment with respect to the dismissal of all counts brought against Axelrod, we turn to the plaintiffs' claim that the court improperly granted the defendants' motion to dismiss those counts. Because the plaintiffs have failed to adequately brief this claim, we deem it abandoned and decline to review it.

"[W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges

to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Paoletta* v. *Anchor Reef Club at Branford, LLC*, 123 Conn. App. 402, 406, 1 A.3d 1238, cert. denied, 298 Conn. 931, 5 A.3d 491 (2010).

The trial court dismissed the three tort counts brought against Axelrod on the ground that they were barred by the doctrine of sovereign immunity. It further dismissed the three discrimination counts on the ground that Axelrod had not been named as a respondent in Heyward's CHRO complaint and, therefore, the plaintiffs had failed to exhaust their administrative remedies. In their brief, the plaintiffs assert that "Axelrod can be sued," but do not clearly set forth why they believe the court's decision to dismiss all counts against him was improper. They provide no discussion or legal analysis addressing either sovereign immunity or the exhaustion of administrative remedies doctrine.

Rather, the entirety of their argument with respect to this claim consists of a quotation to a footnote from our Supreme Court's decision in *State* v. *AFSCME, Council 4, Local 391*, 309 Conn. 519, 530 n.8, 69 A.3d 927 (2013). In that case, the sole issue before the court was whether there was a well-defined and dominant public policy against sexual harassment in the workplace, and, if so, whether an arbitrator's decision to reduce a termination of employment to a one year suspension without pay violated that policy. The court concluded that a public policy against sexual harassment in the workplace did exist and, in the footnote quoted by the plaintiffs, rejected the defendant's argument that the policy applied only to employers, not to employees. The plaintiffs fail to explain what legal principle they believe can be gleaned from the quoted language or how it has any applicability to the issues before us in the present appeal, which do not involve claims of sexual harassment or an arbitration award. Because the plaintiffs have failed to adequately brief any cognizable claim of error regarding the court's dismissal of the counts directed at Axelrod, we deem the claim abandoned.

III

The plaintiffs' final claim on appeal is that the trial court improperly transferred the remaining two counts of the complaint against the state from the judicial district of Waterbury to the judicial district of Hartford. The defendants argue that the court's order transferring venue was not a final judgment, but a nonappealable interlocutory order. We agree with the defendants.

As previously set forth in part I of this opinion, "[t]his court's jurisdiction is limited by statute to appeals from final judgments; General Statutes §§ 51-197a, 52-263; and accordingly we have no discretion to enlarge our jurisdiction in abrogation of the final judgment rule." (Internal quotation marks omitted.) *In re Juvenile Appeal (84-2)*, 1 Conn. App. 378, 380–81, 472 A.2d 795 (1984). "Practice Book § 12-1 permits a court to transfer any matter from one judicial district court location to another judicial district court location on its own motion or on the granting of a motion of any of the parties. Our Supreme Court has held that an order transferring a case from one court to another generally is not appealable because the order does not conclude the rights of the parties. *Felletter* v. *Thompson*, 133 Conn. 277, 281, 50 A.2d 81 (1946)." (Footnote omitted.) *In re Justin F.*, 116 Conn. App. 83, 105, 976 A.2d 707, cert. dismissed, 292 Conn. 913, 973 A.2d 660, cert. denied, 293 Conn. 914, 978 A.2d 1109 (2009), cert. denied sub nom. *Albright-Lazzari* v. *Connecticut*, 559 U.S. 912, 130 S. Ct. 1298, 175 L. Ed. 2d 1087 (2010).

The court's transfer order did not dispose of the underlying action, and, therefore, was interlocutory in nature. As previously explained, interlocutory orders are immediately appealable only if the order or ruling (1) terminates a separate and distinct proceeding, or (2) so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Curcio*, supra, 191 Conn. 31. The court's order was rendered in the course of the continuing civil litigation and, accordingly, did not terminate a separate and distinct proceeding. Further, as this court recognized in *In re Justin F.*, supra, 116 Conn. App. 105, an order transferring a case from one court to another does not, in and of itself, conclude any recognized right of the parties. The plaintiffs, who did not file a reply brief responding to the defendants' final judgment argument, have failed to identify any right irretrievably lost by the change of venue. Because the court's transfer order fails to satisfy either prong of the *Curcio* test, the order is not immediately appealable, and we lack jurisdiction to consider the merits of the plaintiffs' claim challenging the change of venue.

The appeal is dismissed except as to those claims challenging the court's granting of the motion to dismiss all counts against Axelrod, and, as to those claims, the judgment is affirmed.

In this opinion the other judges concurred.

[1] Theresa Heyward is the primary plaintiff in this action; Kevin Heyward is a plaintiff solely by virtue of a derivative claim for loss of consortium. For convenience, we refer to Theresa Heyward individually by her last name only, and, where necessary, we refer to Kevin Heyward individually by his full name.

[2] The plaintiffs, relying on our Supreme Court's decision in *Conboy* v. *State*, 292 Conn. 642, 653, 974 A.2d 669 (2009) ("if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits"), also claim on

appeal that the court prematurely decided the motion to dismiss. *Conboy*, however, is not applicable to the present case. It is well settled that adjudication on the merits of a motion to dismiss may be premature if there is an unresolved dispute over jurisdictional facts. Id. In *Conboy*, for example, there was an unresolved factual dispute regarding the motivations underlying the termination of the plaintiffs' employment. The Supreme Court held that "[b]ecause the applicability of the state's jurisdictional argument turned on a particular resolution of that factual dispute, the argument was raised prematurely" and an evidentiary hearing to resolve the dispute was necessary before the court could adjudicate the motion to dismiss. Id., 654. In the present case, the plaintiffs have not demonstrated the existence of an analogous factual dispute.

The present case is, in fact, much more analogous to *Lawrence* v. *Weiner*, 154 Conn. App. 592, 604, 106 A.3d 963, cert. denied, 315 Conn. 925, 109 A.3d 921 (2015), in which the plaintiff also argued that the trial court improperly had granted a motion to dismiss and "that an evidentiary hearing remain[ed] necessary because the question of jurisdiction [was] intertwined with the merits of his claims." We held that the principle set forth in *Conboy* v. *State*, supra, 292 Conn. 653, "assumes . . . that the party claiming jurisdiction has met his or her initial burden of alleging facts that, if true, would establish the court's jurisdiction. . . . In the present case, a hearing on the merits would have been superfluous because the court had already assumed the plaintiff's allegations to be true and still concluded that they were insufficient to establish that the court had jurisdiction over the plaintiff's claims." (Citation omitted.) *Lawrence* v. *Weiner*, supra, 605.

[3] According to the complaint, Axelrod had made or had allowed others to make several racially charged statements in Heyward's presence. For example, Axelrod allegedly told an African-American police officer that he "must be working hard" because he was "black." Margaret Malia, Heyward's coworker, allegedly stated that she "did not believe in interracial relationships . . . ." Heyward was also denied vacation time and medical leave because of "operational need," even though Axelrod routinely granted other employees requests for time off. Axelrod yelled at Heyward in front of coworkers and members of the public, and interrupted Heyward's conversations, both during work and while she was on breaks, to discuss work-related matters. Heyward felt that Axelrod showed Malia "preferential treatment" at her expense. Axelrod placed a "defamatory, accusatory and baseless" e-mail in Heyward's personnel file. Heyward believed that the state did not do enough to protect her from the favoritism that Axelrod showed other employees. Although human resources conducted an investigation into the alleged discrimination by Axelrod in response to Heyward's complaints, the investigation failed to discover any discrimination.

[4] The court further held that even if Axelrod had been sued in his individual capacity, he had statutory immunity under General Statutes § 4-165.

[5] Practice Book § 61-3 provides in relevant part: "A judgment disposing of only a part of a complaint, counterclaim, or cross complaint is a final judgment if that judgment disposes of all causes of action in that complaint, counterclaim, or cross complaint brought by or against a particular party or parties. . . ."