## STATE OF CONNECTICUT *v.* ROBERT JUTRAS
## (AC 30813)

Gruendel, Alvord and Pellegrino, Js.

Argued April 7—officially released June 15, 2010

*Louis S. Avitabile,* for the appellant (defendant).

*Lisa A. Riggione,* senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy,* state's attorney, and *Kevin J. Murphy,* senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Robert Jutras, appeals from the trial court's denial of his motion to dismiss the charge of criminal possession of a pistol in violation of General Statutes § 53a-217c (a) (1). We conclude that the court's denial of the defendant's motion is not a final judgment and dismiss his interlocutory appeal.

"It is axiomatic that appellate jurisdiction is limited to final judgments of the trial court." *State* v. *Crawford,* 257 Conn. 769, 774, 778 A.2d 947 (2001), cert. denied, 534 U.S. 1138, 122 S. Ct. 1086, 151 L. Ed. 2d 985 (2002); see also General Statutes § 52-263. "The appealable final

judgment in a criminal case is ordinarily the imposition of sentence." (Internal quotation marks omitted.) *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). However, an exception exists for a small class of cases that are effectively unreviewable on appeal from a final judgment. *State* v. *Crawford*, supra, 775; see also *State* v. *Curcio*, supra, 31 ("[a]n otherwise interlocutory order is appealable in two circumstances: [1] where the order or action terminates a separate and distinct proceeding, or [2] where the order or action so concludes the rights of the parties that further proceedings cannot affect them"). "The paradigmatic case in this group involves the right against double jeopardy." (Internal quotation marks omitted.) *State* v. *Crawford*, supra, 775 ("[t]he right not to be tried necessarily falls into the category of rights that can be enjoyed only if vindicated prior to trial" [internal quotation marks omitted]). The rationale for the rule permitting a criminal defendant to file an interlocutory appeal from the denial of a motion to dismiss on double jeopardy grounds emanates from double jeopardy's protection against successive prosecution. Id., 777. "[I]n order to give meaning to the successive prosecution part of the protection against double jeopardy, we permit a defendant to file an interlocutory appeal from the denial of a motion to dismiss so long as that motion presents a colorable double jeopardy claim." Id.; see also *State* v. *Curcio*, supra, 33–34 ("[a] presentence order will be deemed final for purposes of appeal only if it involves a claimed right the legal and practical value of which would be destroyed if it were not vindicated before trial" [internal quotation marks omitted]). The rationale for the exception is not applicable here.

The defendant was charged with robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) (count one) and criminal possession of a pistol in

violation of § 53a-217c (a) (1) (count two).[1] The defendant elected a jury trial on count one and a court trial on count two.[2] The record indicates that the defendant's election of a court trial with respect to count two was motivated by a desire to keep evidence of his prior felony convictions from the jury. Evidence was presented simultaneously to the court and jury on January 23 and 26, 2009. On January 27, 2009, outside the presence of the jury, the state submitted evidence of the defendant's prior felony convictions. On January 29, 2009, the jury began deliberations on count one and returned a verdict of not guilty. On January 30, 2009, the court heard closing arguments on count two, indicated that it would reserve decision until it reviewed the exhibits and proceeded without objection to the defendant's violation of probation hearing.

On February 2, 2009, the defendant filed a motion to dismiss count two pursuant to General Statutes § 54-56. He claimed that the court was collaterally estopped from finding him guilty of criminal possession of a pistol because the jury had already returned a general not guilty verdict of robbery in the first degree.[3] On February 4, 2009, the court denied the defendant's motion, relying on *State* v. *Knight*, 266 Conn. 658, 835 A.2d 47 (2003) (holding collateral estoppel does not apply to the procedurally unique situation in which several criminal charges against the same defendant have been allocated between two triers for concurrent adjudication in a

---

[1] Both charges arose from a robbery that occurred on September 22, 2005, at a Citgo gasoline station in Berlin. The robbery was recorded by a surveillance camera.

[2] The court also granted the state's motion to join a hearing on violation of probation charges brought against the defendant that arose from the same incident. The court indicated that it would proceed with the violation of probation hearing after the jury began to deliberate on count one.

[3] The defendant argued that when the jury found him not guilty of robbery, it necessarily must have found that he was not the person in the surveillance video holding a pistol.

single proceeding), and found the defendant guilty of criminal possession of a pistol. This interlocutory appeal followed.[4]

The defendant claims that the court's failure to render its decision simultaneously with the jury verdict transformed the trial into two separate proceedings, and, as a result, his interlocutory appeal presents a colorable double jeopardy claim. We disagree. Although the defendant's claim involves the collateral estoppel branch of double jeopardy,[5] it does not implicate the circumstances that give rise to the exception. "The exception to the rule that sentencing is the final judgment in a criminal case is applicable only where we find that a cognizable legal right to which the appellant was plausibly entitled would be lost if appellate review were delayed"; *State* v. *Curcio*, supra, 191 Conn. 34; and the defendant makes a "colorable *successive prosecution* double jeopardy claim." (Emphasis in original.) *State* v. *Crawford*, supra, 257 Conn. 777. In this case, the defendant's trial has concluded, and there is no risk that he will be subjected to a second prosecution. Consequently, he will not suffer irreparable harm if appellate review is postponed until after his sentence is imposed. We therefore conclude that the court's denial of the defendant's motion to dismiss is not an appealable final judgment, and this court does not have jurisdiction to entertain the defendant's appeal.

The appeal is dismissed.

---

[4] On April 2, 2009, the state moved to dismiss the defendant's appeal, arguing that the denial of the defendant's motion was not an appealable final judgment. On June 10, 2009, this court denied the state's motion without prejudice and ordered the parties to brief the issue along with the merits of their respective claims.

[5] "In a criminal case, collateral estoppel is a protection included in the fifth amendment guarantee against double jeopardy. . . . Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (Citations omitted; internal quotation marks omitted.) *State* v. *Knight*, supra, 266 Conn. 663–64.