JOSEPH SORACCO ET AL. *v.* WILLIAMS SCOTSMAN, INC., ET AL.
(AC 31848)
(AC 31850)

Bishop, Lavine and Peters, Js.

---

Argued March 14—officially released May 24, 2011

*Thomas P. O'Dea, Jr.*, for the appellant in Docket No. AC 31848, appellee in Docket No. AC 31850 (named defendant).

*William F. Gallagher*, for the appellees in Docket No. AC 31848, appellants in Docket No. AC 31850 (plaintiffs).

*Ellen M. Aspell*, for the appellee in Docket Nos. AC 31848 and 31850 (intervening plaintiff Manafort Brothers, Inc.).

*Opinion*

LAVINE, J. The plaintiffs, Joseph Soracco (Soracco) and his spouse, Cheryl Soracco, and the defendant Williams Scotsman, Inc.,[1] appeal from the decision of the trial court, entered in favor of the intervening plaintiff, Manafort Brothers, Inc. (Manafort), denying their joint motion for judgment to enforce a settlement agreement that they reached to resolve the action brought by the plaintiffs against the defendant. On appeal, the plaintiffs and the defendant claim that (1) the denial of their joint motion for judgment is a final judgment that can be immediately appealed and (2) the court improperly denied their joint motion because the settlement

---

[1] On February 6, 2006, this action was withdrawn as against the defendant E&F/Walsh Building Company, LLC. We therefore refer to Williams Scotsman, Inc., as the defendant in this opinion.

agreement was clear and unambiguous. We conclude that the court's denial of the joint motion for judgment is not a final judgment and, accordingly, dismiss the appeals.[2]

The following facts, many of which were set forth in an earlier appeal filed in this action in *Soracco* v. *Williams Scotsman, Inc.*, 292 Conn. 86, 971 A.2d 1 (2009), are necessary for the resolution of the plaintiffs' and the defendant's claims. "The plaintiffs brought an action against the defendant seeking to recover for injuries that . . . Soracco . . . had sustained on October 16, 2001, as a result of the alleged negligence of the defendant's agents. Soracco sustained his injuries when he fell from a construction trailer after an employee of the defendant allegedly removed the stairs leading from the trailer door to the ground without ensuring that the trailer was unoccupied. Soracco was an employee of Manafort at the time of the accident and was injured in the course of his employment. Manafort became obligated to and did pay Soracco workers' compensation benefits as a result of his injuries. Soracco's claim for damages was brought pursuant to General Statutes § 31-293 and his spouse's claim for loss of consortium was derivative of his claim.

"Manafort intervened in the plaintiffs' action, pursuant to . . . § 31-293 (a), seeking to recover the workers' compensation benefits that it had paid and become obligated to pay to Soracco. Manafort also asserted a workers' compensation lien in this action in the amount of $542,411.69. . . .

"On October 16, 2006, with the assistance of the court, *Holzberg, J.*, the parties attempted to mediate the various claims. . . . The parties were unable to reach a

[2] Because we conclude that the denial of the joint motion for judgment is not a final judgment, we do not address the plaintiffs' and the defendant's claim that the court improperly denied their joint motion.

settlement during the mediation, and the controversy regarding the legitimate amount of Manafort's lien never was settled or adjudicated.

"On October 23, 2006, following the unsuccessful mediation attempt, the plaintiffs and the defendant reported to Judge Holzberg that they had reached a settlement agreement. The plaintiffs' counsel also informed the court that he had provided the defendant with a withdrawal and a formal release from liability. The substance of the settlement agreement was that, in exchange for the withdrawal and release, the defendant would pay the plaintiffs a total sum of $750,000. The plaintiffs' attorney indicated that each plaintiff would receive one half of that amount in satisfaction of their individual claims. Unsatisfied with this intended apportionment, Manafort requested a hearing to allow the court to determine whether the equal division of the settlement proceeds was reasonable. Apparently seeking the court's imprimatur for their settlement, the plaintiffs acquiesced to this procedure.

"Judge Holzberg agreed to make a finding regarding whether an equal division of the proceeds between the plaintiffs was reasonable.[3] After considering testimony from [Cheryl Soracco] as well as arguments from the plaintiffs and Manafort regarding the reasonableness of the settlement allocation, Judge Holzberg upheld the equal apportionment of the settlement proceeds between the plaintiffs. Manafort thereafter appealed"; id., 88–90; claiming in part that Judge Holzberg improperly allowed the plaintiffs and the defendant to settle the matter without its consent. Id., 87–88.

Our Supreme Court vacated Judge Holzberg's order, concluding that "§ 31-293 (a) does not confer standing

---

[3] Manafort agreed to permit Judge Holzberg to find a mutually acceptable resolution, but it also announced that it was not agreeing to be bound by Judge Holzberg's decision and that it would appeal the decision if it did not find it satisfactory.

on an employer seeking to challenge the allocation of the proceeds of a settlement reached between its injured employee and the tortfeasor. Indeed, the statute protects employers from unilateral settlement agreements by preserving their rights in the face of such agreements and by providing that they cannot be bound by them absent their assent. Section 31-293 does not, however, allow an employer to interfere with a settlement reached between its employee and the tortfeasor, nor does it provide courts with the authority to dictate the appropriate terms of such a settlement." Id., 96–97.

On August 10, 2009, the plaintiffs and the defendant filed a joint motion for judgment based on the settlement agreement. Specifically, they requested that the court render judgment on the settlement agreement allowing each plaintiff to recover $375,000 from the defendant. They also argued that the court had the authority to enforce the agreement as a judgment pursuant to *Audubon Parking Associates Ltd. Partnership* v. *Barclay & Stubbs, Inc.*, 225 Conn. 804, 626 A.2d 729 (1993).[4]

On December 14, 2009, the court, *Silbert, J.*, denied the joint motion for judgment. The court concluded: "[O]n closer inspection, the 'unambiguous agreement' on which the plaintiffs and the defendant rely is not so unambiguous after all. There is no dispute that the defendant's understanding and expectation in entering into an agreement to pay $750,000 to settle the claims against it were that it would be released from further liability concerning this incident by all other parties, including Manafort. When it agreed with the plaintiffs

---

[4] "A hearing pursuant to *Audubon Parking Associates Ltd. Partnership* . . . is conducted to decide whether the terms of a settlement agreement are sufficiently clear and unambiguous so as to be enforceable as a matter of law." *Ackerman* v. *Sobol Family Partnership, LLP*, 298 Conn. 495, 499 n.5, 4 A.3d 288 (2010).

that Judge Holzberg could determine the 'split' between the plaintiffs, it was with the implicit understanding that whatever Judge Holzberg determined, the defendant was not going to be required to pay any more than it had already offered. By making it clear that it was not committing itself to be bound by Judge Holzberg's determination, however, Manafort essentially put all parties on notice that it was not part, and would not become part, of any global settlement agreement until and unless it was satisfied with the amount of money that it would recover . . . . This court finds . . . there is in fact no unambiguous settlement agreement on the part of all the parties to this litigation which the court may enforce in accordance with *Audubon Parking Associates Ltd. Partnership* . . . ."

The defendant and the plaintiffs filed separate appeals from the court's decision denying their joint motion for judgment. This court placed the appeals on its own motion calendar to determine whether there was a final judgment and later marked the motion off. On April 14, 2010, however, this court ordered, sua sponte, that the parties "address in their briefs on the merits of the appeals whether the appeals were taken from a final judgment."[5]

In response to this court's order, the plaintiffs and the defendant claim that the trial court's decision denying their joint motion for judgment is a final judgment because the decision threatens the preservation of a right already secured to them and they will be irreparably harmed unless they may immediately appeal. Specifically, the plaintiffs and the defendant claim that they acquired the right to avoid a trial by entering into the settlement agreement and that this right will be irreparably lost once trial begins. We disagree and conclude

[5] Only the plaintiffs and Manafort submitted briefs in this appeal. In lieu of filing a separate brief and appendix, the defendant adopted the brief and appendix filed by the plaintiffs.

that the court's decision denying the joint motion for judgment was not a final judgment.

The subject matter jurisdiction of this court is limited by statute. General Statutes § 52-263 provides in relevant part: "Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the *final judgment* of the court . . . ." (Emphasis added.) "In both criminal and civil cases . . . we have determined certain interlocutory orders and rulings of the Superior Court to be final judgments for purposes of appeal. An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983).

The plaintiffs and the defendant claim that the court's denial of their joint motion for judgment is a final judgment pursuant to the second prong of *Curcio*. "[F]or an interlocutory ruling in either a criminal or a civil case to be immediately appealable under the second prong of *Curcio*, certain conditions must be present. There must be (1) a colorable claim, that is, one that is superficially well founded but that may ultimately be deemed invalid, (2) to a right that has both legal and practical value, (3) that is presently held by virtue of a statute or the state or federal constitution, (4) that is not dependent on the exercise of judicial discretion and (5) that would be irretrievably lost, causing irreparable harm to the appellants without immediate appellate

review." *Sharon Motor Lodge, Inc.* v. *Tai*, 82 Conn. App. 148, 158–59, 842 A.2d 1140, cert. denied, 269 Conn. 908, 852 A.2d 738 (2004).

Our resolution of the plaintiffs' and the defendant's claims is guided by *Sharon Motor Lodge, Inc.* In *Sharon Motor Lodge, Inc.*, the plaintiffs appealed the denial of their motion for judgment in which they claimed that they were entitled to judgment due to a mediation that allegedly resulted in a settlement of their underlying case. Id., 149. Specifically, the plaintiffs in *Sharon Motor Lodge, Inc.*, claimed, on the basis of *Audubon Parking Associates Ltd. Partnership*, an entitlement to avoid trial due to the claimed settlement. Id., 157–58. This court dismissed the appeal in *Sharon Motor Lodge, Inc.*, for lack of a final judgment and recognized that "although parties who have agreed to settlements may have a contractual right not to go to trial, that right is not of a constitutional or statutory nature. When parties agree to settle a case, they are effectively contracting for the right to *avoid* a trial. The asserted right not to go to trial can appropriately be based on a contract between the parties." (Emphasis in original; internal quotation marks omitted.) Id., 158. This court went on to conclude that "[t]he plaintiffs' right to immediate appellate review fails for the reason that it rests on a discretionary action of the trial court . . . and does not involve a right that is presently held." Id., 159.

The plaintiffs' and the defendant's right to avoid trial in the present case is a contractual right arising from their settlement agreement. As in *Sharon Motor Lodge, Inc.*, the plaintiffs' and the defendant's right to avoid trial, therefore, is not a right that "is presently held by virtue of a statute or the state or federal constitution . . . ." Id. We conclude, therefore, that the court's decision denying the joint motion was not a final judgment pursuant to the second prong of *Curcio*.

The plaintiffs and the defendant argue that, although a settlement is a creature of contract, our Supreme Court has, in some instances, concluded that a decision denying a party the right to avoid trial is an appealable final judgment. Specifically, they point to our Supreme Court decisions that have concluded that an order denying a defendant's motion to dismiss following the declaration of a mistrial due to jury deadlock is appealable as a double jeopardy claim; *State* v. *Tate*, 256 Conn. 262, 275, 773 A.2d 308 (2001); the denial of a motion for summary judgment based on a claim of collateral estoppel is immediately appealable; *Clukey* v. *Sweeney*, 112 Conn. App. 534, 537 n.1, 963 A.2d 711 (2009); and the denial of a motion to dismiss based on a colorable claim of sovereign immunity is a final judgment for purposes of appeal. *Shay* v. *Rossi*, 253 Conn. 134, 167, 749 A.2d 1147 (2000), overruled on other grounds by *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003).

This court addressed a similar argument in *Sharon Motor Lodge, Inc.*, and concluded that that case was "unlike the cases involving collateral estoppel . . . or cases involving double jeopardy . . . which establish the right not to go to trial at all. The principle of collateral estoppel in civil cases and double jeopardy in criminal cases is analogous because it invokes the right not to go to trial on the merits *ever*. . . ."[6] The plaintiffs in this case, on the basis of *Audubon Parking Associates Ltd. Partnership* . . . claim entitlement to avoid trial due to a claimed settlement during a mediation session." (Citations omitted; emphasis added.) *Sharon Motor Lodge, Inc.* v. *Tai*, supra, 82 Conn. App. 157–58.

Our case law has also distinguished the denial of a motion for summary judgment based on a claim of

---

[6] We also note that a criminal defendant's right to be free of double jeopardy is a constitutional right, rather than a contractual right and, therefore, satisfies the second prong of *Curcio*. See *State* v. *Jutras*, 121 Conn. App. 756, 757, 996 A.2d 212, cert. denied, 298 Conn. 917, 4 A.3d 1230 (2010).

collateral estoppel from other rulings. "Under Connecticut law, [t]he denial of a motion for summary judgment ordinarily is an interlocutory ruling and, accordingly, not a final judgment for purposes of appeal. . . . Nevertheless, in *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance*, 208 Conn. 187, 544 A.2d 604 (1988), our Supreme Court held that the denial of a claim for collateral estoppel was ripe for immediate appellate review. . . . The court explained that to postpone appellate review and to require further exhaustion of administrative remedies would defeat the very purpose that collateral estoppel is intended to serve. [T]he basic proposition . . . has always been essentially the same: A party should not be allowed to relitigate a matter that it already had opportunity to litigate. . . . [T]he defense of collateral estoppel is a civil law analogue to the criminal law's defense of double jeopardy, because both invoke the right not to have to go to trial on the merits. Like the case of a denial of a criminal defendant's colorable double jeopardy claim, where immediate appealability is well established . . . [a] judgment denying [a] claim of collateral estoppel is a final judgment." (Citations omitted; internal quotation marks omitted.) *Singhaviroj* v. *Board of Education*, 124 Conn. App. 228, 232, 4 A.3d 851 (2010).

As our Supreme Court concluded, when collateral estoppel is invoked, a party is seeking to prevent *relitigation* of a matter. This is an entitlement that involves the right to never go to trial on the merits. Collateral estoppel, therefore, invokes a right that is distinguishable from the right held by the plaintiffs and the defendant in the present case. Here, at best, the parties only had a contractual agreement to avoid trial. Unlike the doctrine of collateral estoppel, their contractual right, therefore, is not founded on the judicial precept that once an issue is fully and fairly aired, it should not be subject to relitigation by the same parties.

We further conclude that the court's decision denying the joint motion for judgment does not satisfy the second prong of *Curcio* because the plaintiffs' and the defendant's right to avoid trial "would [not] be irretrievably lost . . . without immediate appellate review." *Sharon Motor Lodge, Inc.* v. *Tai,* supra, 82 Conn. App. 159. The court stated in its memorandum of decision that "[t]he clerk is directed to schedule a pretrial conference with the [parties] at the earliest practical date to determine whether a settlement is still possible and, if not, to select a firm trial date." The court also concluded that the plaintiffs and the defendant are still free to settle according to their own agreement but that the case against the defendant by Manafort would continue. The parties, therefore, are still capable of reaching a settlement, which will provide a resolution to this case, in lieu of a trial, without immediate relief from this court.

The appeals are dismissed.

In this opinion the other judges concurred.