******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ROBERT ALEXANDER RICKETTS *v.*
JANELLE R. RICKETTS
(AC 44298)

Bright, C. J., and Alvord and Suarez, Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dis-
solved, appealed to this court from the postjudgment orders of the trial
court denying his motion to transfer this matter to the Regional Family
Trial Docket and appointing a guardian ad litem for the parties' minor
children. *Held* that the challenged postjudgment orders did not consti-
tute a final judgment and, therefore, the appeal was dismissed for lack
of jurisdiction: despite the plaintiff's claim that, pursuant to the parties'
divorce degree, he may immediately appeal from the trial court's order
denying his motion to transfer the case to the Regional Family Trial
Docket, the court's order was entered in the course of continuing post-
judgment proceedings on motions that remain pending before the trial
court, thus, the order did not terminate any proceeding and did not
satisfy the first prong of *State* v. *Curcio* (191 Conn. 27), and, because
the right that the plaintiff seeks to vindicate in this appeal is neither
statutory nor constitutional, the second prong of *Curcio* also was not
satisfied; moreover, insofar as the plaintiff challenged the court's ruling
that the plaintiff had agreed on the appointment of a guardian ad litem,
this order also was interlocutory and did not constitute an immediately
appealable judgment, as the court appointed a guardian ad litem to
investigate facts in order to make recommendations concerning the
children's best interests, which was a step toward a final judgment
resolving the issues concerning education, visitation, and custody that
had arisen postjudgment.

Considered December 16, 2020—officially released March 2, 2021

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Hartford, where the court, *Nguyen-O'Dowd, J.*,
rendered judgment dissolving the marriage and granting
certain other relief in accordance with the parties' sepa-
ration agreement; thereafter, the court denied the plain-
tiff's motion to transfer adjudication of certain postjudg-
ment motions to the Regional Family Trial Docket;
subsequently, the court, *Nguyen-O'Dowd, J.*, appointed
a guardian ad litem for the minor children, and the
plaintiff appealed to this court; thereafter, the court
entered certain postjudgment orders, and the plaintiff
filed an amended appeal. *Appeal dismissed.*

*Robert Ricketts*, self-represented, the appellant
(plaintiff).

*Janelle R. Mallett*, self-represented, the appellee
(defendant).

*Opinion*

ALVORD, J. The marriage between the plaintiff, Robert Alexander Ricketts, and the defendant, Janelle R. Ricketts (now known as Janelle R. Mallett), was dissolved in 2018. The plaintiff appeals from the September 17, 2020 orders of the trial court, *Nguyen-O'Dowd, J.*, denying his postjudgment motion to "transfer [this matter] to the Regional Family Trial Docket in accordance with the [parties'] divorce decree" and appointing a guardian ad litem (GAL) for the parties' minor children. On November 13, 2020, this court ordered, sua sponte, that the parties file memoranda giving reasons, if any, why this appeal should not be dismissed for lack of an appealable judgment. On December 16, 2020, we dismissed the plaintiff's appeal and indicated in our order that an opinion would follow. This opinion elucidates our conclusion that this court does not have jurisdiction to consider the propriety of these postjudgment orders at this time.

The following procedural history is relevant to our discussion. On June 26, 2018, the trial court, *Diana, J.*, rendered judgment dissolving the parties' marriage that incorporated their separation agreement and the parenting plan for their two minor children. Pursuant to the decree, the parents share joint legal custody of the children, who primarily reside with the plaintiff. The agreement and parenting plan include several handwritten addenda, one of which specifies that "the [Regional Family Trial Docket] shall retain jurisdiction over the custody and parenting issues . . . that may arise and need judicial resolution in the future."

On January 9, 2020, the defendant filed a motion for contempt alleging that she had been prevented from picking up the children from school for her scheduled parenting time. She subsequently filed a motion for the appointment of a GAL. Beginning on January 10, 2020, and through August 11, 2020, the plaintiff filed several applications for "emergency ex parte order[s] of custody" and "emergency motion[s]" for a temporary injunction. In these emergency motions, he alleged that the defendant was interfering with the children's education, and sought orders from the trial court limiting her access to the children's educational records and limiting her visitation with the minor children. The plaintiff's requests for emergency and ex parte relief were denied, and a hearing was scheduled on the pending motions.

On September 3, 2020, the parties appeared before the court, *Nguyen-O'Dowd, J.*, and the court ordered that the parties return on September 17, 2020, to confer on the appointment of a GAL.[1] On September 14, 2020, the plaintiff filed a motion to transfer adjudication of these matters to the Regional Family Trial Docket. On September 17, 2020, with the parties present, the trial court denied the motion to transfer, indicating that the

Regional Family Trial Docket "is not accepting this case."[2] The trial court also appointed a GAL, chosen by "agreement of the parties," and continued the matter to October 8, 2020, for the court to "assess duties and fees for the GAL."[3]

On September 28, 2020, the plaintiff filed this appeal challenging the orders that were issued on September 17, 2020. When the appeal was filed, no final order had entered on the defendant's January 9, 2020 motion for contempt or on the plaintiff's motions that sought to modify the defendant's visitation.

On November 13, 2020, we ordered the parties to file memoranda giving reasons, if any, why this appeal should not be dismissed for lack of an appealable judgment. The parties filed their memoranda on November 27, 2020. We conclude that this appeal must be dismissed.

"The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. General Statutes §§ 51-197a and 52-263; Practice Book § [61-1] . . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear. . . . In the gray area between judgments that are undoubtedly final and others that are clearly interlocutory . . . [our Supreme Court] has adopted the following test, applicable to both criminal and civil proceedings: An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them. *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983)." (Internal quotation marks omitted.) *Khan* v. *Hillyer*, 306 Conn. 205, 209–10, 49 A.3d 996 (2012). That the present matter arises postjudgment does not affect that analysis: the final judgment rule still applies. See *McGuinness* v. *McGuinness*, 155 Conn. App. 273, 276–78, 108 A.3d 1181 (2015); *Kennedy* v. *Kennedy*, 109 Conn. App. 591, 603–604, 952 A.2d 115 (2008).

We first consider the plaintiff's claim that he may immediately appeal from the trial court's order denying his motion to transfer the case to the Regional Family Trial Docket "in accordance with the parties' divorce decree." We disagree.

This court has held that neither prong of *Curcio* is satisfied when an appellant seeks to challenge an order transferring a case from one judicial district to another when the order "was rendered in the course of the continuing civil litigation . . . did not terminate a separate and distinct proceeding . . . [and did] not, in and of itself, conclude any recognized right of the parties." (Citation omitted.) *Heyward* v. *Judicial Dept.*, 159 Conn. App. 794, 804–805, 124 A.3d 920 (2015), citing *Felletter* v. *Thompson*, 133 Conn. 277, 281, 50 A.2d 81

(1946). The same is true of an order transferring a case to a special session of the Superior Court. See *In re Justin F.*, 116 Conn. App. 83, 105, 976 A.2d 707 (challenging transfer of case to Child Protection Docket at Middletown), cert. dismissed, 292 Conn. 913, 973 A.2d 660 (2009), and cert. denied, 293 Conn. 913, 978 A.2d 1109 (2009), and cert. denied sub nom. *Albright-Lazzari* v. *Connecticut*, 559 U.S. 912, 130 S. Ct. 1298, 175 L. Ed. 2d 1087 (2010). Here, the order denying the plaintiff's motion to transfer was entered in the course of continuing postjudgment proceedings on motions that remain pending before the trial court. The order did not terminate any proceeding and does not satisfy the first prong of *Curcio*.

"The second prong of the *Curcio* test focuses on the nature of the right involved. It requires the parties seeking to appeal to establish that the trial court's order threatens the preservation of a right already secured to them and that that right will be irretrievably lost and the [parties] irreparably harmed unless they may immediately appeal. . . . One must make at least a colorable claim that some recognized statutory or constitutional right is at risk." (Internal quotation marks omitted.) *McGuinness* v. *McGuinness*, supra, 155 Conn. App. 277.

Here, the plaintiff's claimed right to have the matter transferred to the Regional Family Trial Docket arises from the agreement incorporated into the decree dissolving the parties' marriage. "It is well established that a separation agreement that has been incorporated into a dissolution decree and its resulting judgment must be regarded as a contract and construed in accordance with the general principles governing contracts." (Internal quotation marks omitted.) *McLoughlin* v. *McLoughlin*, 157 Conn. App. 568, 584–85, 118 A.3d 64 (2015). Because the right that the plaintiff seeks to vindicate in this appeal is neither statutory nor constitutional, the second prong of *Curcio* is also not satisfied.[4] See *Soracco* v. *Williams Scotsman, Inc.*, 128 Conn. App. 818, 826, 19 A.3d 209 (claimed contractual right to avoid trial does not satisfy second prong of *Curcio*), cert. denied, 302 Conn. 903, 23 A.3d 1244 (2011).

Insofar as the plaintiff challenges the trial court's "ruling that the plaintiff agreed on the appointment of a GAL," we conclude that this order also is interlocutory and does not constitute an immediately appealable judgment under *Curcio*.

In *Kennedy* v. *Kennedy*, supra, 109 Conn. App. 603–604, as here, proceedings on postjudgment motions to modify custody and visitation were ongoing in the trial court. The trial court in *Kennedy* appointed separate counsel for each minor child pursuant to its authority under General Statutes § 46b-54. Id. The father appealed, and this court determined that "appointing counsel for both daughters is merely a step along the

road . . . to a final judgment resolving the custody and visitation issues [and] . . . the [father] has failed to explain why his objection cannot be vindicated on appeal from a final judgment resolving the custody and visitation dispute." (Citations omitted; internal quotation marks omitted.) Id., 592, 604. This court held that an order appointing counsel for the minor children in postjudgment proceedings concerning custody and visitation was not immediately appealable under either prong of *Curcio*. Id., 603–604.

We see no reason to reach a different conclusion here. The trial court appointed a GAL to investigate facts in order to make recommendations to the court concerning the children's best interests. The appointment of a GAL for the minor children pursuant to § 46b-54 is, indeed, a step toward a final judgment resolving the issues concerning education, visitation, and custody that have arisen postjudgment.[5] Because none of the interlocutory orders at issue here is immediately appealable under *Curcio*, we lack jurisdiction to reach their merits at this time.

The appeal as amended is dismissed.

In this opinion the other judges concurred.

[1] All references to the trial court hereafter are to Judge Nguyen-O'Dowd.

[2] The Regional Family Trial Docket is a special session of the Superior Court that handles contested custody and visitation matters when the case meets certain criteria. See Regional Family Trial Docket, available at https://www.jud.ct.gov/external/super/spsess.htm (last visited February 19, 2021).

[3] Also on September 17, 2020, the plaintiff filed an "emergency motion for stay" in the trial court, claiming that the Regional Family Trial Docket has "jurisdiction" over this matter. The trial court denied that motion on October 8, 2020.

[4] Moreover, we firmly reject the notion that the terms of the 2018 divorce decree entitle the plaintiff to have all matters concerning "custody and parenting" resolved by the Regional Family Trial Docket forevermore. In his arguments before this court, the plaintiff maintains that he relied on "the representation" that future matters concerning custody would be heard at the Regional Family Trial Docket, which is "familiar with the factual background and nuance of [this] case," and that, "absent that representation," he would have "bargained differently" in negotiating the separation agreement. We will not read the term in the parties' marital dissolution decree as a limitation on the Superior Court's broad discretion in matters "particularly within [its] province," including "matters involving judicial economy, docket management [control of] courtroom proceedings . . . [nor its] reasonable control over its schedule." (Citation omitted; internal quotation marks omitted.) *M.B.* v. *S.A.*, 194 Conn. App. 727, 733–34, 222 A.3d 551 (2019).

[5] On November 27, 2020, the parties filed their memoranda concerning whether the September 17, 2020 orders were final. On December 8, 2020, the plaintiff filed an amended appeal. His amended appeal challenges orders entered by the trial court on December 3, 2020, and purports to belatedly add additional dates of certain interlocutory orders as decisions "being appealed," including September 3 and October 8, 2020. These orders are related to the September 17, 2020 orders and are similarly interlocutory. On December 16, 2020, we dismissed the original appeal and a portion of the amended appeal. Also on December 16, 2020, we ordered the parties to file memoranda as to whether the remainder of the amended appeal, which concerns the orders entered on December 3, 2020, should be dismissed. The parties filed memoranda on January 5, 2021. We have considered the parties' memoranda and conclude that the court's orders are interlocutory and satisfy neither prong of *Curcio*. Therefore, the remainder of the amended appeal also is dismissed.